CASE 23—ACTION TO RECOVER DAMAGES FOR THE MALICIOUS PROSECU-
TION OF A CONDEMNATION ·PROCEEDING—JUNE 6.

# Akin, &c., v. Jones.

## APPEAL FROM GREEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

SCHOOLS AND SCHOOL DISTRICTS—DISCRETION OF TRUSTEES IN SELECT-
ING SITE FOR SCHOOLHOUSE—MALICIOUS PROSECUTION OF CONDEM-
NATION PROCEEDINGS.

Held:  Plaintiff, whose land has been condemned for a schoolhouse,
can not recover damages of the school trustees on the ground
that they were actuated by malice in selecting the lot condemn-
ed; the only evidence relied on to show malice being the fact
that the lot selected was not centrally or conveniently located,
and that defendants refused a lot offered by plaintiff only a
short distance away, which was quite as good for the purpose
for which it was intended; plaintiff having a remedy by ap-
peal to the county superintendent, and then to the State Su-
perintendent, if the selection was not a proper one.

W. H. SWEENEY, J. H. WOODWARD, W. N. FOSTER AND W. F.
CANTRILL, FOR APPELLANTS.

### POINTS AND AUTHORITIES.

1. An officer is not responsible in damages for anything which he
   may do as an officer, unless he acts without authority, or from
   corrupt motives, or malice, knowingly doing that which is
   wrong. Marksberry v. Beasley, 8 Rep., 534.
2. There being no appeal from the decision of the trustees in the
   selection of a site for the new schoolhouse, the question as to
   whether it was centrally located should not have been presented
   to the jury. Bishop v. Route, 7 R., 362.
3. The verbal condemnation by the superintendent was sufficient.
   L. & N. R. R. Co. v. Trustees School District No. 108 16 R., 354.
4. The trustees had the right to change the location of the school-
   house without the superintendent's condemnation. Ky. Stats.,
   sec. 4439.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellants, Akin, Bennett, and Bagby, were trustees of
common-school district No. 55, in Hart county. This dis-
trict was composed of parts of the counties of Hart and

Green. The county superintendent of Hart county in 1894 condemned the school house in the district, and notified the trustees accordingly, requiring them to build a new one. He further notified them that there was some question as to the title of the lot on which the building stood, and that he would not approve the building of a new house on that lot. The further question was made that the old lot was not as near the center of the district as it should have been. Thereupon appellants selected a lot of about three-quarters of an acre of land belonging to the farm of appellee, and entered the fact of their selection upon the minutes of their record as trustees, and reported their selection to the superintendent. Under the statute, this selection was required to lay over for thirty days for exceptions by the patrons of the district or others interested. None having been taken, appellants were directed by the superintendent to acquire the title to the lot selected, either by contract or condemnation, and drew up a form of application for them to sign and present to the Green county court in the event condemnation was necessary. The lot selected was in Green county. Being unable to agree with appellee as to the price of the lot, commissioners were appointed, who fixed the value and appellee's damages at $12.50 in the aggregate. Upon exceptions the question of damages was retried by a jury in the county court, who, under proper instructions, fixed the value and damages at the same figure. Appellee thereupon appealed to the circuit court, where on the trial that court directed a peremptory finding for appellee, for reasons not disclosed in this record. A judgment was rendered upon that finding, adjudging to appellee his costs against appellants, as trustees of the common-school district. Execution was issued upon this judgment for costs for $198,

which was returned "No property." Thereupon appellee filed this suit against appellants in their individual capacity, alleging that they instituted the condemnation proceedings maliciously, wantonly, and corruptly, for the sole purpose of vexing, annoying, and damaging him, and sought to recover $500 in damages. A trial was had in the circuit court before a jury, resulting in a verdict for $248 for appellee.

The evidence for appellee (plaintiff below) showed the facts above stated, and, in addition thereto, that one of the trustees declined to participate in the selection of the lot, upon the ground, he said, that he thought it was unnecessary and vexatious. Appellee, either during the time that appellants were making the selection or shortly thereafter, tendered to them another lot on his farm, about 500 yards distant from the one selected, and which he testified was as conveniently located and as near the center of the district as the one they did select, and that they refused to accept it, and he thought it was for reasons of spite. Another witness testified for appellee that the lot tendered by him was as good as the one selected, and was as near the center of the district, and, indeed, that the old lot was as near the center of the district, and that therefore, there was no apparent necessity for the change. At the close of this testimony, appellants moved the court for a peremptory instruction, which was overruled. We think this was error. The court should have told the jury at this stage of the case to find for the defendants. Under section 4439 of the Kentucky Statutes, the trustees, with the consent of the county superintendent, may take land for the purpose of building school houses, provide for and secure the erection of the same, construct outbuildings and inclosures, make repairs, and may change the location

of the school house, sell and dispose of the old site, and use the proceeds thereof towards procuring a new one; and, if they can not agree with the owner of the land as to the price and terms of purchase and sale thereof, they may have the same condemned.     This section properly lodges with the trustees a broad discretion in the matter of the government of their school districts, subject to corrective supervision of the county superintendent, and providing for an appeal from their action to the county superintendent, by a majority of the patrons of the district. It was not, therefore, proper for the court to permit the jury to consider evidence on behalf of appellee that the point selected by the trustees was not necessary, in the judgment of the witnesses, or was not centrally located, or was not for any reason, for the best interest of the district. These were questions which the Legislature has lodged with the trustees.     If the patrons of the district are displeased with the selection of the school-house site or with the change, their remedy is by appeal to the county superintendent, and then, if not satisfied by an appeal to the State superintendent.     Trustees v. Jameson (12 Ky. L. R. 719), (15 S. W., 1, 779).     There was absolutely no evidence that the trustees acted in bad faith or with malice, or without due regard to their official oaths and duties, and there was consequently nothing to submit to the jury in this case.     The judgment appealed from is reversed and remanded for a new trial under proceedings consistent with this opinion.